UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 05-81072
vs.                                     HON. LAWRENCE ZATKOFF

YUSEF DANOU,

        Defendant.
        _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 20, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE


This matter is before the Court on (1) Defendant's second Motion to Withdraw Guilty Plea (Docket #18), (2) Defendant's Motion for Bail (Docket #17), and (3) the Court's *sua sponte* consideration of the applicable Sentencing Guidelines with respect to Defendant. On June 13, 2006, the scheduled date of Defendant's sentencing, the Court ruled from the bench regarding the foregoing issues. The Court now sets forth in writing its conclusions regarding the foregoing matters in this Opinion and Order. In addition, subsequent to the June 13, 2006, proceeding, a Motion to Withdraw as Counsel was submitted by counsel for Defendant, Richard Lustig, on June 16, 2006 (Docket #19). The Court also addresses the Motion to Withdraw as Counsel herein.

## I. BACKGROUND

**A.     Defendant's Actions**

As set forth previously, the charge against Defendant stems from his actions to defraud an elderly man of real property valued at several hundred thousand dollars.  Murray West, who was more than 80 years old at the time Defendant committed the instant offense, owned a parcel of lakefront property in Waterford, Michigan.  Prior to May 12, 2003, Defendant entered into a land contract with Mr. West such that Defendant would receive the title to the property upon the payment of $300,000.  Defendant subsequently forged Mr. West's signature to a deed which transferred ownership of the property from Mr. West to Defendant.  Defendant then filed the deed with the Oakland County Register of Deeds and subjected the property to a number of liens.

On or about November 3, 2005, Defendant signed a Waiver of Indictment and agreed to be charged in an Information with the offense of Identity Theft, in violation of 18 U.S.C. §1028(a)(7). The Information was filed with the Court on November 29, 2005. Defendant was arraigned before a Magistrate Judge on January 31, 2006, at which time he also signed an Acknowledgment of Information, which set forth the statutory maximum penalty of 15 years for the charged offense.

On February 2, 2006, Yusef Danou entered a plea of guilty before this Court to the charge contained in the Information, pursuant to the terms of a Rule 11 Plea Agreement.  On March 21, 2006, counsel for Defendant, David Steingold, filed a motion seeking to withdraw from his representation of Defendant. In his motion, Steingold stated that Defendant wished to withdraw his plea because there had been an agreement with the Government that Defendant would not be prosecuted for the instant offense. Rather than file such a motion, Mr. Steingold advised the Court that "[t]here was never such an agreement and counsel refuses to make such a claim." Mr. Steingold

was subsequently permitted to withdraw from the case upon the entry of a Stipulation for Substitution of Attorneys.

**B.     Defendant's Prior Motion to Withdraw Plea**

Defendant's attorney, Richard Lustig, filed a Motion to Withdraw Plea on April 14, 2006. In that Motion, Defendant claimed: (1) there was an agreement that he not be prosecuted in the instant matter, and (2) at the time of entering his guilty plea, he believed that he would receive "little or no time" for the instant offense. In the alternative, Defendant asked the Court to conduct a *Santobello* hearing regarding the alleged promises. *See Santobello v. New York*, 404 U.S. 257 (1971). On April 27, 2006, the date originally set for Defendant's sentencing, the Court granted Defendant's request for a *Santobello* hearing but did not otherwise rule on Defendant's Motion to Withdraw Plea.

On Monday, May 15, 2006, the Court held a *Santobello* hearing, which hearing was attended by Defendant, as well as counsel for the Government and counsel for Defendant. Four witnesses testified and the parties stipulated to the proposed testimony of a fifth witness. On May 25, 2006, the Court issued an Opinion and Order pursuant to which the Court held that Defendant's claim that there was an agreement between the Government and Defendant and/or his criminal counsel was not supported by the evidence on the record. The Court further held that Defendant's claim that his guilty plea was made involuntarily was not supported by the evidence on the record. Accordingly, the Court denied Defendant's Motion to Withdraw Plea.

## II.  CURRENT MOTIONS AND ISSUES

**A.     Defendant's Second Motion to Withdraw Guilty Plea**

On June 6, 2006, Defendant filed a second Motion to Withdraw Guilty Plea. Defendant claims he has a right to withdraw his guilty plea because he never validly waived Indictment, as the Court has never ascertained whether his waiver was knowingly, intelligently and voluntarily given.

The Court has reviewed the docket entries and the record in this case. Docket Entry #2 is a "Waiver of Indictment" that was filed with the Court. This "Waiver of Indictment" states:

> The above-named Defendant [Yusef Danou], who is accused of Identity Theft, in violation of Title 18, United States Code, Section 1028(a)(7), being advised of the nature of the charge and his rights, hereby waives in open Court prosecution by Indictment and consents and agrees that the proceedings may be by Information.

The document is signed by Defendant Yusef Danou and his attorney at the time, David Steingold. The Waiver of Indictment could not be any clearer - it is a waiver of indictment. Further, it states that Defendant was "advised of the nature of the charge **and his rights,**" and that Defendant "**hereby waives in open Court** prosecution by Indictment . . ." Contrary to Defendant's motion, the document clearly demonstrates, as Defendant acknowledges therein, that Defendant waived his rights in open court after he had been advised of the charges against him. *See* Fed. R. Crim. P. 7(b).

Accordingly, for the reasons set forth above, the Court DENIES Defendant's Motion to Withdraw Guilty Plea dated June 6, 2006.

**B.      Sentencing Guideline Range**

On February 2, 2006, Yusef Danou entered a plea of guilty before this Court to the charge contained in the Information (Identity Theft, in violation of 18 U.S.C. §1028(a)(7)), pursuant to the terms of a Rule 11 Plea Agreement. The terms of the Rule 11 Plea Agreement provided that Defendant was to be sentenced by the Court to a term of imprisonment within the Guideline range determined by the Court. On March 16, 2006, the Probation Officer on the case (Christine Fush)

prepared a Presentence Investigation Report, wherein she calculated the Defendant's total offense level at 17 (which included a 3 level reduction for acceptance of responsibility pursuant to Section 3E1.1(a) and (b) of the Guidelines Manual) and a Criminal History Category of III. As a result, Defendant's Guideline range would have been 30 to 37 months. And, had Defendant proceeded to sentencing at that point, the Court agrees that a Guideline range of 30 to 37 months would have been the correct and appropriate Guideline range.

On May 24, 2006, the Court sent the parties a letter indicating that it had reviewed the PSR and that a sentence within the agreed upon range was not acceptable to the Court as it did not reflect the seriousness of Defendant's actions. Implicit in that letter was the Court's belief that the Guideline calculations in the PSR (30-37 months) would govern this case, and the Court based its statements on a Guideline range of 30 to 37 months. In reviewing the Court file and the PSR in the weeks since the Court sent the May 24, 2006, letter, however, the Court has determined that the appropriate Guideline range in this case is actually 41 to 51 months, for the reasons that follow.

Since the PSR was prepared, Defendant has filed multiple motions challenging the entry of his guilty plea. In making arguments in support of those motions, the Court finds that Defendant has effectively negated the 3 level reduction for acceptance of responsibility that he would have been entitled to based on his actions up to and including the entry of the guilty plea on February 2, 2006.

First, as set forth in part 1.(a) of the Commentary and Application Notes accompanying Section 3E1.1, in determining whether a defendant qualifies under subsection (a) of Section 3E1.1, appropriate considerations for the Court include:

> (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting **or not falsely denying any relevant conduct for which the defendant is accountable** under §1B1.3 (Relevant Conduct). . . . A

> defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. **However, a defendant who falsely denies, or frivolously contests, relevant conduct that the Court determines to be true has acted in a manner inconsistent with acceptance of responsibility**;

The Court finds that this Defendant has been falsely denying his culpability and the relevant conduct involved in this matter for the past two months. Specifically, in filing the Motion to Withdraw Plea dated April 14, 2006 (a full two months after Defendant admitted his guilt at the February 2, 2006 plea hearing), Defendant stated in his Memorandum in Support the following:

(1) "**the government claims** that the Defendant forged Mr. West's signature to a deed . . .";

(2) "After it was discovered that **the Defendant had allegedly forged Mr. West's signature** . . ."; and

(3) "[Defendant claims] he was the land contract vendee, he actually owned the property and, therefore, is not guilty of Identity Theft. **He has maintained his innocence** . . ."

More significantly, in his affidavit in support of the Motion to Withdraw Plea, Defendant stated:

6. That **I am not guilty of this offense** and I previously entered into a land contract where I was the land contract vendee and Mr. West was the land contract vendor. Further, that Mr. West was aware of my application for additional funds in order to improve the property while I was under the land contract.

The foregoing statements are in direct contravention of the testimony of Defendant at the plea hearing on February 2, 2006, and clearly do not constitute "truthfully admitting the conduct comprising the offense(s) of conviction" in this case.

Second, as set forth in part 3 of the Commentary and Application Notes accompanying

6

Section 3E1.1:

> 3. Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct)(see Application Note 1(a)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). **However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.**

The Court finds that the conduct of Defendant in this case is inconsistent with the acceptance of responsibility. Specifically, Defendant's vigorous denial of engaging in the conduct underlying the offense with which he was charged and convicted (which he was, when his guilty plea was accepted on February 2, 2006) is inconsistent with acceptance of responsibility.

For the foregoing reasons, the Court concludes that Defendant is not entitled to a 3 level reduction for acceptance of responsibility pursuant to Section 3E1.1(a) and (b) of the Guidelines Manual. Accordingly, the Court has determined that Defendant's total offense level is 20, not 17 as the Probation Officer and the Court previously believed to be the case. With a total offense level of 20 and a Criminal History Category of III, the Court finds that the applicable Guideline range for this Defendant is 41 to 51 months.

As of the date of this Opinion and Order, with the information that has been made known to the Court to date, the Court believes that a sentence within the recalculated Guideline range of 41 to 51 months is appropriate in this case. The Court is willing to sentence Defendant to a term of imprisonment within the Guideline range, as the Government and Defendant agreed upon in entering into the Rule 11 Plea Agreement on February 2, 2006. Accordingly, the Court hereby accepts the

Rule 11 Plea Agreement in this case.

**C.     Defendant's Motion for Bail**

Defendant has asked that the Court grant bail because his continued incarceration will prejudice him, as the incarceration date on his prior conviction has expired and he was to report to a community correctional center on April 11, 2006. As Defendant will be sentenced to a term of imprisonment based on his guilty plea and the Rule 11 Plea Agreement, however, the Court does not find Defendant to be a good candidate for release on bond. Defendant is facing a term of at least 3 ½ years in prison and his prior convictions (as well as the current case) involve crimes of deceit. Accordingly, Defendant's Motion for Bail is denied.

**D.     Motion to Withdraw as Counsel**

Three days after Defendant's aborted sentencing on June 13, 2006, Defendant's current counsel, Richard Lustig, filed a Motion to Withdraw as Counsel. For the reasons that follow, the Court finds that the interests of justice weigh in favor of denying the motion and proceeding with Defendant's sentencing as currently scheduled on June 29, 2006.

At the June 13, 2006, proceeding, the Court was ready to sentence Defendant pursuant to the Rule 11 Plea Agreement. In fact, the Court commenced the sentencing phase of Defendant's case at that hearing when it asked counsel for Defendant whether he and Defendant had received a copy of the PSR and had an opportunity to go over it. Defense counsel indicated that they had. Defendant acknowledged that defense counsel had gone over the PSR with Defendant, but Defendant claimed that he had not received a copy of the PSR   In order to allow Defendant an opportunity to review the PSR thoroughly, the Court adjourned the sentencing for two weeks, until June 29, 2006.

Accordingly, this matter is, and has been, ready for sentencing. The PSR has been complete for months now. The guilty plea was taken over four months ago. All that remains is the allocution by Defendant. The argument of counsel for Defendant that Defendant faces sentencing "burdened with counsel in whom he obviously has no faith," thus creating the possibility of a "Sixth Amendment violation" argument on appeal is noble but misplaced. The Court is familiar with the legal capacity, competency, practice and reputation of counsel for Defendant. Mr. Lustig is an experienced and dedicated attorney and the Court is confident that he can and will vigorously represent Defendant at sentencing, in accord with his duties and obligations as an attorney before this Court and as he has done on many occasions prior to this case.

Accordingly, for the reasons set forth above, the Court denies the Motion to Withdraw as Counsel filed by Defendant's attorney, Richard Lustig.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court HEREBY DENIES (1) Defendant's Motion to Withdraw Guilty Plea, (2) Defendant's Motion for Bail, and (3) the Motion to Withdraw as Counsel filed by Defendant's attorney, Richard Lustig. Sentencing in this matter shall take place as rescheduled, to wit, on Thursday, June 29, 2006, at 9:30 a.m.

IT IS SO ORDERED.

                                      s/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 20, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290